UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-21790-CV-LENARD/O'SULLIVAN

HARVEY R. JOHNSON,

    Plaintiff,

vs.

OFFICER JASON COOKE, *et al.,*

    Defendants.

_____/

## ORDER DENYING APPLICATION FOR LEAVE
## TO PROCEED *IN FORMA PAUPERIS* ON APPEAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on the Plaintiff's Application to Proceed *in Forma Pauperis* on appeal (DE# 156, 7/7/21).

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. A court of the United States may authorize a party to proceed *in forma pauperis* upon an affidavit of indigency. 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a)(1). Prisoners "seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor" are responsible for filing an affidavit and "a certified copy of the trust fund account statement (or institutional equivalent)… for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a); *see Bourassa v. Dozier*, 832 F. App'x 595 (11th Cir. 2020) (unpublished) ("'[T]he only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty.'") (quoting *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (alteration, ellipsis, and quotation marks omitted)).

Plaintiff's *in forma pauperis* motion was not accompanied by a six-month inmate account statement. The six-month account statement is needed because pursuant to 28 U.S.C.

§ 1915(b)(1), as amended April 26, 1996, if a prisoner brings a civil action *in forma pauperis,* the prisoner <u>must be required to pay the full filing fee,</u> which will be assessed and collected in partial payments by the Court. 28 U.S.C. § 1915(b)(1). The Court cannot make the determination required by 28 U.S.C. § 1915(a) as to a payment schedule without the six-month account statement.

An appeal "may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.'" 28 U.S.C. § 1915(a)(3); accord Fed. R. App. P. 24(a)(3)(A). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445 (1962). An *in forma pauperis* action is frivolous "if it is without arguable merit either in law or fact.'" *Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002). Alternatively, where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991). The undersigned finds that the plaintiff's appeal is filed in good faith and is not frivolous.

The plaintiff did not "attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [his] institutional accounts." *See* Item 4 on the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (DE# 156, 7/7/21). The plaintiff explains that he did not attach a financial statement certified by an institutional officer because he is "currently in a halfway house." *Id*. The undersigned takes judicial notice of the Bureau of Prisons inmate locator website, https://www.bop.gov/inmateloc/, that indicates that the plaintiff is located at Orlando RRM ("Residential Reentry Management") and that the plaintiff's release date is February 27, 2022. Because Mr. Johnson is currently a federal inmate under the supervision of the Residential

Reentry Management field office in Orlando, Florida, he is required to submit an inmate account statement certified by an institutional officer.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Plaintiff's Application to Proceed *in Forma Pauperis* on appeal (DE# 156, 7/7/21) is **DENIED** without prejudice.

2. **On or before August 10, 2021**, the plaintiff shall either pay the $505 filing fee for his appeal, or may renew his motion to proceed *in forma pauperis.*

3. If the plaintiff renews his motion to proceed *in forma pauperis*, he must:

    a) Have the certificate concerning his inmate trust account completed by an officer of the institution; and,

    b) Attach a certified copy of his inmate trust account for the six-month period preceding the filing of his notice of appeal, in accordance with the above quoted statute. This must be a full statement of all deposits and withdrawals, not just a summary.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of July, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copy provided via U.S. Mail to:

Harvey R. Johnson, *pro se*
Reg. No. 24945-018
Dismas Charities of Orlando
6860 Edgewater Commerce Parkway
Orlando, FL 32810