**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 15-21790-CV-LENARD/O'SULLIVAN

HARVEY R. JOHNSON,

    Plaintiff,
vs.

OFFICER JASON COOKE, *et al.,*

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED**
**IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS ON APPEAL**

**THIS CAUSE** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs on appeal (DE# 161, 9/24/2021). In his Motion to Give Notice (DE# 161-1, 9/24/21), which is attached to the plaintiff's Application, the plaintiff explains that his circumstances have changed and that he is no longer housed in the RRM/Halfway House. The Bureau of Prisons placed the plaintiff on home confinement until his release date which is set for February 27, 2022. The plaintiff currently resides with his family. Id. The plaintiff explains that there is no trust account for a six-month period available as he is no longer housed in an institution or facility. Id.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. A court of the United States may authorize a party to proceed *in forma pauperis* upon an affidavit of indigency. 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a)(1). Prisoners "seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor" are responsible for filing an affidavit and "a certified copy of the trust fund account statement (or institutional equivalent)… for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

28 U.S.C. § 1915(a); *see Bourassa v. Dozier*, 832 F. App'x 595 (11th Cir. 2020) (unpublished) ("'[T]he only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty.'") (quoting *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (alteration, ellipsis, and quotation marks omitted)). The undersigned finds that the plaintiff has satisfied the requirement of poverty. Additionally, the undersigned previously found that the plaintiff's appeal is filed in good faith and is not frivolous. Order (DE# 158, 7/13/21) (citing 28 U.S.C. § 1915(a)(3); accord Fed. R. App. P. 24(a)(3)(A) (other citations omitted)). Accordingly, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees and Costs on appeal (DE# 161, 9/24/2021) is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of September, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copy provided via U.S. Mail to:

Harvey R. Johnson, *pro se*
Reg. No. 24945-018
6005 Chapman Street
Cocoa, FL 32927